Oldham, J. delivered the opinion of the court. The first plea filed by the plaintiff in error to the action of debt brought against him by the defendant in error, in the circuit court, is not a good defence to the action. The puffing of commodities by the vendor, or a false representation as to the profits which may be derived from a speculation, will not avoid a contract. These are matters upon which every man must exercise his own judgment. If the purchaser, by reposing implicit' confidence in the representations of the vendor, should fail to realize his expections, it is his own fault, and the law will not relieve him from the consequences of such blind confidence. Dugan vs. Cureton, 1 Ark. R. 31. The remaining question is as to the sufficiency of the plea of the statute of limitations. This suit was brought on the 21st March, 1845, upon a promissory note. At the time of the execution of the note, and the accrual of the demand thereon, the limitation of the action upon such a contract was three years. After the right of action accrued and before the bringing of this suit, the legislature extended the limitation, of the action on promissory notes to five years. The plea is based upon the 6th section of the 91st chapter of the Revised Statutes, and involves the question whether that section was repealed by the Act of 1844. Statutes of limitation are now favorably regarded by courts of justice. Their necessity, as a means of suppressing vexatious litigation, preventing suits upon stale demands, of supplying the place of evidence lost by lapse of time, and of affording protection to defendants who may have thus been deprived of their evidence in consequence of such lapse of time, is so manifest that courts regard such quieting statutes with favor. But few States have so imprudently changed their statutes of limitation as ours. It is important to the community that s.uch changes should not be made unless imperiously demanded, and then the language should be so strictly guarded as to prevent doubt or uncertainty upon the subject. In Couch vs. McKee, decided at the present term, it was held that the operation of the Act of December the 14th, 1844, is prospective, and that it did not revive causes of action barred by previous statutes. The language employed is prospective and refers “ to causes of action which shall accrue,” and in no case has it direct reference to causes of action which had accrued at the time of its passage. It has been laid down as a rule of constniction of statutes of limitation that they operate upon demands existing at the time of their passage in the same manner as they do upon those accruing upon the day upon which they took effect. The People vs. The Supervisors, &c. 10 Wend. 365. Baldwin vs. Cross, 5 Ark. R. 510. This, we conceive, is the correct rule when no previous act of limitation existed, or where the previous act was repealed and the last act has reference to demands existing at the time of its passage, as does the 6th section of the 9th chapter of the Revised Statutes. But we are of opinion that when the previous statute is not repealed and the language employed in the last act is prospective, relating “ to causes of action which shall accrue” all demands existing at the time of the passage of the last act are governed by the act in force at the time such demands may have accrued. The language of the act of December, 1844, as before remarked, is prospective. It does not, by express words, repeal any other portion pf the 91st chapter of the Revised Statutes than “ the twentieth, thirtieth and thirty-first sections, and other parts of that chapter which come in conflict with that act.” All other parts of that chapter still remain in force. The sixth section is not repealed by express words, and the question then recurs does it conflict with the provisions of the Act of 18441 So far as it relates to demands accruing after its passage, the first is by the operation of the last restricted to demands previously existing. We are therefore of opinion that three years as pleaded in this action formed a good defence m bar of the plaintiff’s right of recovery, and that the circuit court erroneously sustained the demurrer to the same, The judgment is therefore reversed and the cause remanded,